UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| IN RE: MAWULE TEPE | ) ) ) ) ) ) | Case No. 1:23-mc-25<br><br>Judge Travis R. McDonough |

---

**MEMORANDUM OPINION**

---

Before the Court is Mawule Tepe's motion to vacate the restriction order entered against him (Doc. 6) and his motion to proceed on appeal in forma pauperis (Doc. 9). For the following reasons, his motions are **DENIED**.

## I. MOTION TO VACATE RESTRICTION ORDER

### A. Background

As discussed in the Court's permanent injunction:

> Mawule Tepe filed suit against Whirlpool Corporation and related parties in May of 2019. T*epe v. Whirlpool Customer Experience Center, et al.*, No. 1:19-cv-158 (E.D. Tenn. May 24, 2019). Since that time, Mr. Tepe has filed four additional lawsuits against Whirlpool Corporation and related parties, all of which are related to the original lawsuit.[1] Mr. Tepe also filed suit against Bank of America and related parties in March of 2021. *Tepe v. Javitch Block LLC, et al.*, No. 1:21-cv-040 (E.D. Tenn. March 03, 2021) (dismissed without prejudice for failure to effectuate service). Since that time, Mr. Tepe has filed five additional lawsuits against Bank of America and related parties, all of which are related to the original lawsuit.[2]

---

[1] See *Tepe v. Whirlpool Corp., et al.*, No. 1:20-cv-332 (E.D. Tenn. Dec. 2, 2020) (dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim); T*epe v. Whirlpool Corp., et al.*, No. 1:22-cv-136 (E.D. Tenn. May 25, 2022) (dismissed without prejudice for failure to effectuate service); *Tepe v. Nelson, et al.*, No. 1:22-cv-252 (E.D. Tenn. Oct. 25, 2022); and *Tepe v. United States, et al.*, No. 1:22-cv-275 (E.D. Tenn. Nov. 08, 2022).

[2] T*epe v. Bank of America, et al.*, 1:22-cv-111 (E.D. Tenn. May 09, 2022); *Tepe v. Bank of America, et al.*, 1:22-cv 231 (E.D. Tenn. Sep. 09, 2022); *Tepe v. Bank of America N.A., et al.*, No. 1:22-cv-261 (E.D. Tenn. Oct. 14, 2022); *Tepe v. Nenni*, No. 1:22-cv-264 (E.D. Tenn. Nov. 18, 2022); and *Tepe v. United States, et al.*, No. 1:22-cv-275 (E.D. Tenn. Nov. 08, 2022).

> Beginning as early as January 2020, Mr. Tepe was recognized by the Court as a "prolific filer of motions and discovery requests . . . ." *Tepe v. Whirlpool Customer Experience Center, et al.*, No. 1:19-cv-158, Doc. 60 (E.D. Tenn. Jan. 23, 2020). The Court repeatedly warned Mr. Tepe about his filing conduct. *See Tepe v. Nelson, et al., No. 1:22-cv-252*, Doc. 17, pp. 6-7 (Oct. 25, 2022) (Memo) (outlining previous warnings by Court). Additionally, Mr. Tepe has begun to sue the attorneys representing the Defendants in the earlier lawsuits. *Tepe v. Nelson, et al.*, No. 1:22-cv-252 (E.D. Tenn. Oct. 5, 2022) and *Tepe v. Nenni, et al.*, No. 1:22-cv-264 (E.D. Tenn. Oct. 18, 2022). Due to the onslaught of lawsuits and motions therein, both the Bank of America Defendants and the Whirlpool Corporation Defendants moved for protective orders against Mr. Tepe. *See Tepe v. Nelson, et al.*, No. 1:22-cv-252, Doc. 17 (E.D. Tenn. Oct. 25, 2022) (Memo.) and *Tepe v. United States, et al.*, No. 1:22-cv-275, Doc. 38 (E.D. Tenn. Dec. 01, 2022) (Memo.) ("Short of entry of a Vexatious Litigant Order, there is no end in sight to Plaintiff's dilatory, duplicative, and bad faith conduct. Plaintiff continues to abuse the federal court system by harassing BANA, its counsel … with frivolous litigation, discovery requests, and filings.").
>
> Accordingly, pursuant to Standing Order 18-04 (Aug. 2018), the Court referred Mr. Tepe to Chief Judge Travis R. McDonough for consideration of whether to implement a filing injunction against Mr. Tepe. *Tepe v. United States, et al.*, No. 1:22-cv-275, Doc. 10 (E.D. Tenn. Nov. 15, 2022) (Order). Because of Mr. Tepe's prolific filings, the Court permanently enjoined Mr. Tepe from filing any new lawsuit in this Court without first obtaining leave of the Court. *Id.* at Doc. 74 (Feb. 16, 2023).[3]

(Doc. 3, at 1–3.)

**B. Standard of Law**

The Court has the authority to restrict prolific litigants from repeatedly filing frivolous matters without first obtaining leave of court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991); *Jones v. Kolb*, 91 Fed. Appx. 367, 369 (6th Cir. 2003). The Sixth Circuit has determined

[3] Likewise, Mr. Tepe continued his vexatious litigation practices in the United States District Court for the Western District of North Carolina and that Court has also entered a permanent filing injunction against Mr. Tepe. T*epe v. Corker, et al.*, No. 3:23-cv-00423 (Order) (W.D. North Carolina, Dec. 15, 2023) ("The Court finds that Plaintiff's filings constitute harassment [and] have caused the Court to expend considerable resources. Based upon these circumstances, the Court concludes that Plaintiff will continue his vexatious conduct if he is not subjected to a pre filing review system.")

that restricting prolific litigators from filing any document without prior approval by the Court is a proper method for handling the complaints of prolific litigators. *Filipas v. Lemons*, 835 F.2d 1145, 1145 (6th Cir. 1987); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). "A prefiling review requirement is a judicially imposed remedy whereby a plaintiff must obtain leave of the district court to assure that the claims are not frivolous or harassing" and such a requirement is appropriate when a litigant has demonstrated a pattern of repetitive or vexatious litigation, particularly where "a litigant is merely attempting to collaterally attack prior unsuccessful suits." *Raimondo v. United States*, No. , 2022 WL 3581144 (E.D. Mich. Aug. 19, 2022).

**C. Analysis**

Tepe argues that the permanent injunction should be lifted because he "was not provided with meaningful notice or an opportunity to respond before the order was imposed in the case . . . ." (Doc. 6, at 1.)

This is an inaccurate characterization. On November 15, 2022, the Court issued an order referring "Tepe to the undersigned for consideration of whether injunctive measures are appropriate pursuant to Standing Order 18-04" due to Tepe's "repetitive and frivolous filings in [Case No. 1:22-cv-275]." (Doc. 10 in Case No. 1:22-cv-275.) On February 15, 2023, this Court held a hearing. (Doc. 72 in Case No. 1:22-cv-275.) At the hearing, Tepe "represented that he [was] considering filing additional lawsuits" and "intend[ed] to continue his practice of including allegations and claims from previously-filed cases . . . ." (Doc. 74, at 5 in Case No. 1:22-cv-275.) The Court noted that at the hearing, Tepe made it "clear that he intends to continue taxing the court's resources with his filings absent Court intervention." (*Id.*) The Court enjoined Tepe from filing new lawsuits without permission from the Court and warned Tepe that if he "continue[d] to engage in frivolous motions practice that detracts from addressing the underlying

merits of his claims, the Court will consider whether additional restrictions are appropriate." (*Id.* at, 6.)

Even with such a warning, Tepe continued his practice of filing additional lawsuits against the same defendants related to his previous lawsuits. *See Tepe v. Whirlpool Corp.*, No. 1:23-cv-00144 (E.D. Tenn. June 28, 2023); *Tepe v. Whirlpool Corp.*, 1:23-cv-00161 (E.D. Tenn. July 21, 2023). Because of Tepe's continued frivolous filings, on January 11, 2024, this Court expanded Tepe's injunction. (Doc. 3.) The injunction required Tepe to seek the Court's permission prior to "filing any document in any case in this Court to which he is a party, where the case has been closed and the time for appeal has passed[.]" (*Id.* at 4.) Tepe had meaningful notice that his continuous frivolous filings could further expand his injunction. He also had an opportunity to respond to the possibility of being enjoined at the February 15, 2023 hearing held before this Court. Accordingly, Tepe's motion to vacate the permanent injunction is **DENIED**.

## II. MOTION TO PROCEED ON APPEAL IN FORMA PAUPERIS

Under Federal Rules of Appellate Procedure 24(a), "a non-prisoner who desires to appeal in forma pauperis must first file a motion seeking such relief with the district court." *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999) (citing Fed. R. App. P. 24(a)(1)). That motion must include "an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues the party intends to present on appeal." Fed. R. App. P. 24(a)(1). "After this required information has been filed, the district court must ascertain both the individual's pauper status and the merits of the appeal." *Callihan*, 178 F.3d 803.

The Court finds that Plaintiff has failed to establish that he is unable to pay the filing fee for an appeal. He provided no affidavit showing that he is unable to pay or give security for the fees. (*See* Doc. 9.)

Furthermore, it is unclear from Tepe's motion to proceed in forma pauperis which claims or parties it is meant to encompass. (*See id.*) In the case caption, he lists "Bradley County Jail" as the appellee with no case number. (S*ee id.*) Additionally, the body of the motion does not provide any clarity. Tepe asserts that he is entitled to an appeal because "the court's prerequisite conditions have infringed upon [his] fundamental right under the 1st, 5th, and 6th Amendment[s] . . . ." (*Id.*) The Court is unable to determine what case, claims, or parties his appeal is meant to encompass. Accordingly, Tepe's motion to proceed in forma pauperis on appeal is **DENEID**.[4]

**SO ORDERED.**

***/s/ Travis R. McDonough***
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

[4] The Court advises Tepe of Rule 24, which allows him to file a motion to proceed on appeal in forma pauperis in the Sixth Circuit Court of Appeals within thirty days of this Order. *See* Fed. R. App. P. 24(a)(5).